IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOE K. RICHARDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | CIV-13-149-M |
| v. ) | |
| ) | |
| DISTRICT COURT OF COMANCHE ) | |
| COUNTY, ) | |
| ) | |
| Respondent. ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner seeks to challenge his conviction entered pursuant to a guilty plea to Trafficking in Illegal Drugs entered in the District Court of Comanche County, Oklahoma, Case No. CRF-98-231. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.  For the following reasons, it is recommended that the Petition be dismissed upon filing.

On November 12, 1998, Petitioner entered a guilty plea to the Trafficking offense in Case No. CRF-98-231 and, consistent with his negotiated plea agreement, he was sentenced to a 15-year term of imprisonment. Petition, at 1, 24-28; Petition, att. 1, at 11 (partial copy of Judgment and Sentence). According to the public records of the Oklahoma Department

of Corrections ("ODOC"), of which the undersigned takes judicial notice[1], Petitioner was incarcerated for this conviction from December 4, 1998 until November 8, 2002, when he was released on parole. http://www.doc.state.ok.us/offenders/offenders.htm (offender lookup last accessed February 25, 2013). Petitioner was returned to ODOC custody on May 2, 2012, apparently due to the violation of one or more conditions of his parole, to serve the remainder of his sentence. Id.

Taking judicial notice of the Court's own records, Petitioner previously challenged the same conviction and sentence in a 28 U.S.C. § 2254 petition.[2] Joe Kenneth Richards v. Glynn Booher, Warden, Case No. CIV-01-1324-M. In a Report and Recommendation entered August 30, 2001, United States Magistrate Judge Roberts found that (1) Petitioner entered a guilty plea to the Trafficking charge on November 12, 1998, and he did not appeal the conviction and sentence, (2) the limitations period governing Petitioner's habeas challenge of his conviction and sentence in Case No. CRF-98-231 expired on November 22, 1999, (3) Petitioner did not file his § 2254 petition until August 21, 2001, (4) neither

---

[1]The undersigned takes judicial notice of ODOC's publicly-available records. See Winzler v. Toyota Motor Sales U.S.A., Inc., 681 F.3d 1208, 1213 (10th Cir. 2012)("The contents of an administrative agency's publicly available files . . . traditionally qualify for judicial notice. . . .").

[2]In that action, Petitioner asserted that the trial court lacked jurisdiction because he was initially charged with the offense of possession of cocaine with intent to distribute and the charge was later amended to trafficking in illegal drugs (cocaine). Petitioner also asserted that he was not apprised of the elements of the offense to which he pled guilty.

statutory tolling or equitable tolling principles[3] warranted extending the limitations period, (5) Petitioner did not diligently pursue his federal claims, and (6) the habeas action was time-barred under 28 U.S.C. § 2244(d)(1).

In an Order and Judgment entered September 21, 2001, the Court dismissed the action on the ground that it was time-barred under 28 U.S.C. § 2244(d)(1). Petitioner did not appeal this decision.

Petitioner now seeks to challenge the same conviction and sentence. Petitioner contends that he is entitled to habeas relief because the state district court did not make a determination of his competency, he was denied effective assistance of counsel, a police officer who testified in Petitioner's preliminary hearing failed to identify Petitioner other than "by name," and hearsay testimony was improperly admitted during the preliminary hearing. In his Petition, Petitioner concedes that the Petition is not timely filed under 28 U.S.C. §2244(d). He contends that the limitations period should be extended because he has a third-grade reading level, he is incarcerated, and he is incompetent.

The instant Petition is successive[4], and Petitioner has not shown that he has obtained authorization from the Tenth Circuit Court of Appeals to file a successive federal habeas

---

[3] Petitioner argued that the limitations period should be extended because his claim involved a jurisdictional issue. The Court rejected this argument.

[4] "The dismissal of a § 2254 petition as time-barred is a decision on the merits for purposes of determining whether a subsequent petition is second or successive." Johnson v. Workman, 446 Fed.Appx. 92, n. 1 (10th Cir. 2011)(unpublished order)(citing, e.g., Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995); Murphy v. Klein Tools, Inc., 935 F.2d 1127, 1128-1129 (10th Cir. 1991)).

action. See 28 U.S.C. § 2244(b)(3)(A)(before state prisoner may file second or successive § 2254 petition prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application"). Under these circumstances, the Court may either transfer the successive Petition to the Tenth Circuit Court of Appeals for consideration if the interests of justice require transfer or the Court may dismiss the petition for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008)("When a second or successive § 2254 [petition] is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction.").

Because the claims asserted in Petitioner's successive Petition are time-barred, it would not further the interests of justice to transfer the action. Therefore, the Court should decline to transfer the action to the Tenth Circuit Court of Appeals under 28 U.S.C. § 1631 and should dismiss the successive Petition for lack of jurisdiction.

As Judge Roberts found in Petitioner's previous habeas proceeding, Petitioner did not appeal his plea-based conviction, and the limitations period governing Petitioner's filing of a federal habeas petition expired on November 22, 1999. Petitioner did not seek post-conviction relief during the one-year limitations period[5], and there is no basis for statutorily

---

[5] Petitioner sought post-conviction relief in the state district court in September 2000. Petition, att. 2, at 7-12. The district court denied post-conviction relief, and the OCCA dismissed Petitioner's attempted post-conviction appeal due to procedural defects. Id. Judge Roberts previously found that Petitioner did not file a post-conviction application in the state courts within the one-year limitations period.

tolling the limitations period under 28 U.S.C. § 2244(d)(2). Petitioner's instant Petition is still time-barred unless Petitioner shows extraordinary circumstances to warrant equitable tolling. Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560 (2010)(§ 2244(d)(1) limitations period "is subject to equitable tolling in appropriate cases").

Petitioner was advised in an Order entered February 26, 2013, that the Petition was subject to dismissal on the ground that it is time-barred. Order (Doc. # 9). Petitioner was further advised of his opportunity to file a responsive pleading addressing any circumstances he contends warrant the equitable tolling of the one-year limitations period. Id. Instead of responding to the Motion, however, Petitioner has filed a "Motion Seeking Stay or Dismissal Without Prejudice" (Doc. # 12).

In his Motion, Petitioner seeks a stay of the habeas proceeding to allow him time to obtain a copy of a purported amended judgment and sentence that he believes will support his claim that the offense described in the Guilty Plea Summary of Facts filed in his criminal case "is not the crime he is serving time for" (sic). Petitioner states that this purported amended judgment and sentence was filed in the state district court on November 2, 2001. Curiously, Petitioner has attached to the Motion a copy of a letter addressed to him, dated May 21, 2012, which indicates that in May 2012 the state district court provided Petitioner a copy of the same document he now requests additional time to obtain. The Motion does not address the limitations issue.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Extraordinary circumstances that warrant equitable tolling of the limitations period may include "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998).

In his Petition, Petitioner asserts new factual bases, not presented in his previous habeas proceeding, as grounds for equitably tolling the limitations period. However, these claims are not sufficient to warrant the equitable tolling of the limitations period. First, Petitioner contends he was not competent at the time of his plea and that he was unable to assert his federal claims earlier because he was incarcerated and lacked sufficient mental capacity due to a third-grade reading level. However, Petitioner filed a previous habeas petition in this Court in 2001. In that action Petitioner did not assert incompetence or lack of education as a basis for equitably extending the limitations period. Petitioner has not made a credible showing that incompetence or educational deficits prevented him from filing a habeas petition during the relevant limitations period or between November 1998 and the present date. See United States v. Richardson, 215 F.3d 1338 (Table)(10th Cir. 2000)(unpublished op.)(learning disability does not toll limitations period). Moreover, Petitioner waited years, without sufficient excuse, after his conviction became final to seek habeas relief. Petitioner's reincarceration does not start the clock again. Under these circumstances, Petitioner's "lack of diligence precludes equity's operation." Pace v. DiGuglielmo, 544 U.S. 408, 419 (2005).

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be dismissed upon filing as time-barred. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___April 22nd___, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___2nd___ day of ___April___, 2013.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE